AO 91 (Rev 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
District of New Mexico

FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

NOV 18 2020

MITCHELL R. ELFERS
CLERK

| | |
|---|---|
| United States of America<br>v.<br>John CHAVEZ (YOB: 1997)<br><br>Defendant(s) | )<br>)<br>)  Case No. 20-MJ-1935<br>)<br>)<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __May 4th/May 23rd/June 1st, 2020__ in the county of __Bernalillo__ in the _____ District of __New Mexico__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 18, United States Code, Section 922(a)(6) | Knowingly Making False Statements in Connection with the Purchase of a Firearm |

This criminal complaint is based on these facts:

**See attached Affadavit**

☑ Continued on the attached sheet.

_____
Complainant's signature

Brenton Hutson, Special Agent (ATF)
*Printed name and title*

Electronically submitted and telephonically sworn.

Date: November 18, 2020

_____
*Judge's signature*

City and state: Albuquerque, New Mexico

Hon. Kirtan Khalsa, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Brenton Hutson, being first duly sworn, hereby depose and state as follows:

## INTRODUCTION

1. I am a Special Agent (SA) with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), and have been so employed since January 2020. I am a United States Marine Corps Veteran, to include one combat deployment, and am also a graduate of the University of Colorado, holding a Bachelor's Degree in Nonprofit Management and a Master's Degree in Public Administration. I previously worked in the field of human services for approximately seven years, managing programs designed to assist individuals struggling with homelessness, severe mental illness, and substance use disorders. I have also attended and graduated from the Federal Law Enforcement Training Center and the ATF National Academy.

2. I have training and experience investigating violations of federal law. As a result of my training and experience as an ATF Special Agent, I am familiar with the Federal criminal laws and know that it is a violation of:

> a. Title 18, United States Code, Section 922(a)(6) for an individual to knowingly make false statements in connection with the purchase of a firearm

3. I am familiar with the information contained in this Affidavit based upon the investigation that I have conducted, on my conversations with other law enforcement officers or industry operations investigators who have engaged in various aspects of this investigation, and based upon my review of reports written by other law enforcement officers involved in this investigation. Because this Affidavit is being submitted for the limited purpose of securing an arrest warrant, I have not included each and every fact known to me concerning this investigation. I have set forth only those facts that I believe are relevant to determination of probable cause to support the issuance of the requested warrant. When the statements of others are set forth in this Affidavit, they are set forth in substance and in part.

4. Based on my training and experience and the facts set forth in this Affidavit, there is probable cause to believe that violations of Title 18, United States Code, Section 922(a)(6) – Knowingly Making False Statements in Connection with the Purchase of a Firearm have been committed by John CHAVEZ.

## SUMMARY OF PROBABLE CAUSE

### Undercover Purchase of Firearm and Subsequent Trace

5. On August 18, 2020, Special Agents (SA's) with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), operating in an undercover capacity, purchased a Glock model 17 (Gen 5) 9x19 caliber pistol bearing serial number BHSK737 from the subject of a concurrent investigation, W.G., who is a convicted felon prohibited from possessing firearms. During the course of this transaction, W.G. stated they could acquire additional pistols to sell in the future. Subsequent

1

examination of the firearm by ATF Certified Interstate Nexus Expert SA Erik Rutland revealed that it had traveled in interstate commerce.

6. National Integrated Ballistic Information Network (NIBIN) analysis revealed that this firearm was associated with a shooting that occurred on August 16th, 2020 in Albuquerque, New Mexico.

7. On November 4th, 2020, I received the results of an eTrace query submitted on the firearm. Results identified CHAVEZ as the original retail purchaser of the firearm from BMC Tactical, a Federal Firearms Licensee (FFL) located in Albuquerque, New Mexico. Query results further indicated CHAVEZ had purchased three additional Glock pistols during the same transaction.

### Initial Review of FFL Records from BMC Tactical

8. On November 5th, 2020, I requested, received, and reviewed firearms transaction records (commonly referred to as ATF Form 4473s) from BMC Tactical regarding the following purchases made by CHAVEZ:

   a. Purchase dated May 4th, 2020:
      i. Glock 26 9mm Pistol, SN#: ACYB180
      ii. Glock 17 9mm Pistol, SN#: BNDW096
      iii. Glock 17 9mm Pistol, SN#: BHSK737 (the pistol subsequently purchased by ATF agents from W.G., who is a convicted felon)
      iv. Glock 19 9mm Pistol, SN# BGFM251
   b. Purchase dated June 1st, 2020:
      i. Glock 17 Gen 5 9mm Pistol, SN#: BNBR609
      ii. Glock 19 9mm Pistol, SN#: BNBV427
   c. Purchase dated July 10th, 2020 7/10/2020:
      i. Glock 34 9mm Pistol, SN#: BNGE407

9. On each of the three ATF Form 4473s provided by BMC Tactical, CHAVEZ answered "Yes" to question 11.a. which reads, "Are you the actual transferee/buyer of the firearm(s) listed on this form? **Warning: you are not the actual transferee/buyer if you are acquiring the firearm(s) on behalf of another person. If you are not the actual transferee/buyer, the licensee cannot transfer the firearm(s) to you.** *Exception: If you are picking up a repaired firearm(s) for another person, you are not required to answer 11.a. and may proceed to question 11.b. (See instructions for Question 11.a.)*".

10. On each of the three ATF Form 4473s provided by BMC Tactical, CHAVEZ answered "No" to question 11.e. which reads, "Are you an unlawful user of, or addicted to, marijuana or any depressant, stimulant, narcotic drug, or any other controlled substance? **Warning: The use or possession of marijuana remains unlawful under Federal law regardless of whether it has been legalized or decriminalized for medicinal or recreational purposes in the state where you reside.**"

11. CHAVEZ also signed his name to a certification on each of the three ATF Form 4473s provided by BMC Tactical which reads, in part, "**I certify that my answers in Section A are**

true, correct, and complete. I have read and understand the Notices, Instructions, and Definitions on ATF Form 4473. I understand that answering "yes" to question 11.a. if I am not the actual transferee/buyer is a crime punishable as a felony under Federal law, and may also violate State and/or local law".

### Interview of John CHAVEZ

12. On November 10, 2020 SA Austin Wozniak and myself conducted a recorded, non-custodial interview of CHAVEZ at 1524 Sunset Farm Road Southwest, Albuquerque, NM 87105 in reference to potential violations of 922(a)(6) - knowingly making false statements in connection with the purchase of a firearm.

13. During this interview, CHAVEZ admitted to purchasing seven firearms for an individual known as EL CHAPO and making false statements on three separate form 4473s produced for three separate transactions in which CHAVEZ purchased seven firearms for EL CHAPO. CHAVEZ was shown a photograph of W.G., and stated that he did not know who W.G. was. CHAVEZ, however, was able to describe the appearance of EL CHAPO which led myself and SA Wozniak to believe that W.G. and EL CHAPO are distinct individuals.

14. Over the course of the interview, CHAVEZ made numerous statements to myself and SA Wozniak which he later admitted to be false. Specifically, regarding the May 4th, 2020 purchase of four firearms (Glock 26 9mm Pistol, SN#: ACYB180; Glock 17 9mm Pistol, SN#: BNDW096; Glock 17 9mm Pistol, SN#: BHSK737; Glock 19 9mm Pistol, SN# BGFM251) from BMC Tactical, CHAVEZ initially stated he resold the two Glock 17s to Valley Pawn, the Glock 26 to his co-worker, and that he kept the Glock 19 for himself.

15. CHAVEZ then changed his story, stating he had purchased the firearms for personal use and that nobody had asked him to purchase the firearms. In this version of events, CHAVEZ claimed to have sold the two Glock 17 pistols to a couple of friends whom he thought were responsible individuals. CHAVEZ later confessed he had purchased the firearms included in the May 4th, 2020 transaction at the direction of, and for, EL CHAPO, and had earned one hundred dollars for his part in the transaction. CHAVEZ confessed that he had lied on the ATF Form 4473 associated with this purchase.

16. CHAVEZ ultimately confessed to purchasing firearms for EL CHAPO on two additional occasions. One resulted in the purchase of two firearms (Glock 17 Gen 5 9mm Pistol, SN#: BNBR609 and Glock 19 9mm Pistol, SN#: BNBV427) from BMC Tactical on June 1st, 2020 for which CHAVEZ earned one hundred dollars for his part in the transaction. CHAVEZ admitted that he lied on the ATF Form 4473 associated with this purchase. On another occasion, approximately two months after the May 4th, 2020 purchase from BMC Tactical, CHAVEZ purchased a Desert Eagle pistol (believed to be a Magnum Rec DE L5 .50 AE Pistol SN#: DK0058611 purchased on May 23rd, 2020) from another FFL, JCT Firearms, for EL CHAPO. CHAVEZ also earned one hundred dollars for his part in this transaction, and admitted to lying on the ATF Form 4473 associated with the purchase.

17. Over the course of the interview, CHAVEZ indicated EL CHAPO was known to him as a "big timer," drug dealer, drug user, violent individual, and a gang member. CHAVEZ admitted to observing EL CHAPO smoking marijuana virtually every time they were together, knew EL CHAPO to be a user of "pills" or "Roxys", and knew EL CHAPO was a drug user when CHAVEZ gave him the firearms. CHAVEZ also observed EL CHAPO commit an armed robbery of an individual and knows him to be violent. CHAVEZ also acknowledged he is aware felons and drug users are prohibited from possessing firearms.

18. Despite answering "No" to question 11.e. regarding the use of drugs, including marijuana, on the ATF Form 4473s associated with the purchases of multiple firearms across multiple transactions, CHAVEZ stated he smoked weed (understood to mean marijuana) in Middle School and High School. CHAVEZ stated that the last time he smoked weed was approximately two months prior to the time of the interview. CHAVEZ stated that he smokes weed for his stress and because of what he does for his job.

### Review of FFL Records from JCT Firearms

19. From November 13th to November 16th, 2020, I conducted a review of ATF Form 4473s completed by CHAVEZ, and provided to me by JCT Firearms, which revealed the purchase of eighteen firearms by CHAVEZ from JCT Firearms between November 16th, 2019 and October 17th, 2020, including the admitted purchase of a Desert Eagle pistol for EL CHAPO:

    a. Purchase dated May 23rd, 2020
        i. Radical Arms FP7 9mm Pistol, SN#: 20-009846
        ii. Magnum Rec (believed to refer to manufacturer Magnum Research). DE L5 .50 AE Pistol **(believed to be the admitted purchase for EL CHAPO), SN#: DK0058611**

20. On the ATF Form 4473 certified by CHAVEZ on May 23rd, 2020 provided by JCT Firearms, CHAVEZ answered "Yes" to question 11.a., which reads in part, "Are you the actual transferee/buyer of the firearm(s) listed on this form? **Warning: you are not the actual transferee/buyer if you are acquiring the firearm(s) on behalf of another person. If you are not the actual transferee/buyer, the licensee cannot transfer the firearm(s) to you.**"

21. On the ATF Form 4473 certified by CHAVEZ on May 23rd, 2020 provided by JCT Firearms, CHAVEZ answered "No" to question 11.e. which reads, "Are you an unlawful user of, or addicted to, marijuana or any depressant, stimulant, narcotic drug, or any other controlled substance? **Warning: The use or possession of marijuana remains unlawful under Federal law regardless of whether it has been legalized or decriminalized for medicinal or recreational purposes in the state where you reside.**"

22. CHAVEZ also signed his name to a certification on the ATF Form 4473 certified by CHAVEZ on May 23rd, 2020 provided by JCT Firearms which reads, in part, "**I certify that my answers in Section A are true, correct, and complete. I have read and understand the Notices, Instructions, and Definitions on ATF Form 4473. I understand that answering "yes" to question 11.a. if I am not the actual transferee/buyer is a crime punishable as a felony under**

4

Federal law, and may also violate State and/or local law. I understand that a person who answers "yes" to any of the questions 11.b. through 11.i and/or 12.b. through 12.c. is prohibited from purchasing or receiving a firearm."

## CONCLUSION

23. Based on the foregoing facts, I submit there is probable cause to believe *John CHAVEZ* has committed violations of Title 18, United States Code, Section 922(a)(6) – Knowingly Making False Statements in Connection with the Purchase of a Firearm, within the District of New Mexico. I respectfully request a warrant be issued for his arrest.

Respectfully submitted,

Brenton M. Hutson, Special Agent
Bureau of Alcohol, Tobacco, Firearms and Explosives

Electronically submitted and telephonically sworn, this 18th day of November, 2020

The Honorable Kirtan Khalsa
United States Magistrate Judge

5