IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CRIMINAL NO. 21-CR-294 JCH |
| ) | |
| ) | |
| **JOHN CHAVEZ**, ) | |
| ) | |
| Defendant. ) | |

## UNITED STATES' SENTENCING MEMORANDUM

On July 27, 2021, Defendant was charged, in a four-count superseding indictment, with four counts of making false and fictitious statements to a federally licensed firearm dealer, in violation of 18 U.S.C. §§ 922(a)(6) and 924(a)(2). Doc. 34.   On November 8, 2022, pursuant to a plea agreement [Doc. 72], Defendant entered pleas of guilty to counts 1-3 of the superseding indictment. Doc. 70 (Clerk's Minutes).   The plea agreement is pursuant to Fed. R. Crim. P. 11(c)(1)(C), under which the parties agreed to a specific sentence of three years' supervised probation.   Doc. 72.   The remaining components of the sentence, including any fine or restitution, are reserved for the Court.   *Id*.

In consideration for the agreement reached between the parties, the United States carefully weighed the evidence in this case, Defendant's compliance with the terms of his pretrial release, and the finality that the provisions of this

agreement would bring to the matter.

Accordingly, the United States respectfully requests this Court accept the plea agreement and sentence Defendant to a term of three years' supervised probation. The United States further requests that the conditions of probation require Defendant to complete a period of community service. For all remaining components of Defendant's sentence, the United States defers to the sound discretion of this Court.

### I.   FACTUAL BACKGROUND

The United States concurs and adopts the facts presented by the United States Probation Office ("USPO") in the PSR. *See* Doc 77. at ¶¶ 8-26. Any additional facts necessary to support this memorandum are included in discussions *infra*.

### II.   DEFENDANT'S CRIMINAL HISTORY

The United States concurs with USPO's calculation of Defendant's criminal history. *See* Doc. 77 at ¶ 45 (finding Defendant's criminal history category of I under Chapter 5, Part A of United States Sentencing Guidelines ("USSG")).

### III.   THIS COURT SHOULD ACCEPT THE PLEA AGREEMENT AND SENTENCE DEFENDANT TO THREE YEARS' SUPERVISED PROBATION.

After considering the evidence available, the factual and legal issues in this case, the nature and circumstances of the offense, and the characteristics of the

Defendant, the United States believes this plea agreement, with the specified sentence of three-years' supervised probation satisfies the factors listed in 18 U.S.C. § 3553(a) and is in the best interests of justice. Furthermore, the United States agrees with USPO that, absent extraordinary circumstances, a fine, restitution, or community service should be imposed. *See* Doc. 77 at ¶ 72. Given Defendant's purported financial situation, community service appears to be the most appropriate in this case.

   a. <u>Defendant's substantial compliance with the conditions of pretrial release justify a departure from the guideline range of imprisonment</u>.

On November 20, 2020, Defendant was placed on conditions of supervised, pretrial release. At the time of arrest, Defendant was a frequent user of marijuana. Testing positive for marijuana use shortly after his release, Defendant attended a substance abuse assessment and successfully completed treatment in September 2022, maintaining his sobriety. *See* Doc. 77 at ¶¶ 6-7. While Defendant did violate his terms of supervised release by possessing a taser and baton in December 2021, he admitted the violation and has not violated the terms of his release since.

Defendant's substantial compliance with the terms of his pretrial release is compelling, as he appears to be a strong candidate for complying with the terms of probation. It does not appear that Defendant or society will benefit from Defendant spending significant time in confinement. As such, the United States

requests this Court accept the plea agreement and sentence Defendant to a term of three years' supervised probation.

    b. <u>Defendant's lack of criminal history favors a sentence of probation</u>.

Defendant does not have a criminal history. In fact, it appears this arrest is Defendant's first significant interaction with law enforcement. *See* Doc. 77 at ¶¶ 43-48. Given Defendant's significant compliance with the terms of his pretrial release and a lack of criminal history, it does not appear to the United States that a term of incarceration would serve the interests of justice. While Defendant's criminal acts deserve punishment, a term of supervised probation and any other terms the Court chooses to impose will satisfy the factors listed in 18 U.S.C. § 3553(a). A term of probation will allow Defendant to continue his employment while ensuring the safety of the community through continued supervision. Further, Defendant's criminal acts of making false statements to firearms dealers will no longer be a concern, as he will be prohibited from purchasing and possessing firearms as a result of his felony conviction.

## **Conclusion**

The plea agreement satisfies the goals of sentencing. While the agreed-upon term of probation in this case is below the guideline range for this offense, there are substantial justifications for this Court to rely on in accepting the agreement. As such, the United States requests this Court accept the plea

agreement in this case and sentence Defendant to three years' supervised probation and any other punishment this Court deems appropriate.

                                              Respectfully submitted,

                                              ALEXANDER M.M. UBALLEZ
                                              United States Attorney

                                              */s/ Electronically filed*
                                              NICHOLAS MOTE
                                              Assistant United States Attorney
                                              P.O. Box 607
                                              Albuquerque, New Mexico 87103
                                              (505) 346-7274

I HEREBY CERTIFY that on the 23rd day of March 2023, I filed the foregoing pleading electronically through the CM/ECF system, which caused counsel of record for defendant to be served by electronic means.

*/s/ Electronically filed*
NICHOLAS MOTE
Assistant U.S. Attorney